# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1742 JCH |
| | ) | |
| BEST BUY COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Best Buy Company, Inc.'s Amended Motion to Dismiss, filed September 9, 2013. (ECF No. 7). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Eric McNeil alleges that in order to facilitate his switch from a Dell computer to an Apple computer, he contracted to have Defendant "transfer" and "recover" his personal, family, and business information and data. According to Plaintiff, in the course of providing its "data transfer" and "data recovery" services, Defendant inadvertently and negligently lost Plaintiff's Dell computer, information and data, and then failed timely to notify Plaintiff of such loss. As a result, Plaintiff maintains Defendant caused him great personal and business economic loss, and further subjected him to the risk that the security of his data and information would be compromised.

On or about July 31, 2013, Plaintiff filed a Petition in the Circuit Court for St. Louis County, Missouri ("Complaint"), asserting claims for, *inter alia*, breach of contract and violations of the Missouri Merchandising Practices Act. Defendant removed the Complaint to

this Court on September 4, 2013, on the basis of diversity jurisdiction. (ECF No. 1). In its Amended Motion to Dismiss, Defendant claims it must be dismissed from Plaintiff's suit, as the computer work at issue was performed by employees of Defendant's subsidiary, Best Buy Stores, LP, and Plaintiff has provided no basis to pierce the corporate veil between the parent and subsidiary companies. (ECF No. 7).

## **DISCUSSION**

Under Missouri law, a parent company generally is not responsible for the acts of its subsidiary corporation. *Doe 1631 v. Quest Diagnostics, Inc.,* 395 S.W.3d 8, 18 (Mo. banc 2013). The Missouri Supreme Court "has admonished that parent/subsidiary separation should be 'ignored with caution, and only when the circumstances clearly justify it.'" *Id.*, quoting *Cent. Cooling & Supply Co. v. Dir. Of Revenue, State of Mo.*, 648 S.W.2d 546, 548 (Mo. banc 1982). Courts therefore agree to ignore corporate forms and pierce the corporate veil only when the following three factors are shown:

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> 2) Such control must have been used by the corporation to commit fraud *or* wrong, to perpetrate the violation of statutory or *other positive legal duty*, or dishonest and *unjust* act in contravention of plaintiff's legal rights; and
>
> 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id.* (citation omitted).

Upon consideration, the Court finds Plaintiff fails to demonstrate that Defendant Best Buy Company, Inc., exercised complete domination over its subsidiary, Best Buy Stores, LP, with respect to the transaction at issue. In other words, Plaintiff offers no evidence regarding the

corporate structure and ownership of the two companies, the overlap (if any) in their boards of directors or corporate officers, or the financial relationship between the entities. *See Doe 1631*, 395 S.W.3d at 18. Furthermore, Plaintiff does not even allege that Defendant used such control to commit a fraud, or perpetuate wrongdoing. Defendant's Motion to Dismiss on this basis must therefore be granted.

The Court's analysis does not end here, however. Rather than address the above factors, Plaintiff devotes his response to a discussion of one company's actual and/or apparent authority to act on behalf of another. "In order to establish a principal-agent relationship between two corporations, there must be such domination and control that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." *Weitz Co. v. MH Washington*, 631 F.3d 510, 522 (8th Cir. 2011) (internal quotation marks and citations omitted).[1] "To hold a parent liable for its subsidiary's acts, the control must be actual, participatory and total." *Id.* (internal quotation marks and citation omitted).

Upon review the Court finds Plaintiff's analysis confusing, for two reasons. First, rather than address Defendant's alleged control of its subsidiary with respect to the transaction at issue, Plaintiff instead refers to Defendant's actions in attempting to settle Plaintiff's claim after the fact. More importantly, Plaintiff apparently considers the parent company, Defendant Best Buy Company, Inc., to be the agent, and its subsidiary, Best Buy Stores, LP, to be the principal. Under these circumstances, the Court finds it impossible to assess whether Defendant may be held liable on an agency theory. The Court therefore will grant Plaintiff leave to file an Amended Complaint, in order to set forth more clearly the alleged relationship between the two companies, and the asserted basis for holding Defendant liable for the damages alleged in this

---

[1] "On balance, Missouri law is settled that alter ego liability and agency liability are separate causes of action." *Weitz Co.*, 631 F.3d at 522 (citations omitted).

case.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion to Dismiss (ECF No. 7) is **GRANTED** in accordance with the foregoing, and Best Buy Company, Inc. is **DISMISSED** without prejudice as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Monday, November 25, 2013**, within which to file an Amended Complaint. Failure to do so will result in the dismissal of Plaintiff's action without prejudice.

Dated this  4th  Day of November, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] Alternatively, Plaintiff may elect to name an entity other than Best Buy Company, Inc., as Defendant in his Amended Complaint, if circumstances so indicate.