UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV1742 JCH |
| | ) |
| BEST BUY COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Best Buy Company, Inc.'s Motion to Dismiss, Motion to Strike, and Motion for More Definite Statement, filed December 9, 2013. (ECF No. 15).  The motion is fully briefed and ready for disposition.

By way of background, Plaintiff Eric McNeil alleges that in order to facilitate his switch from a Dell computer to an Apple computer, he contracted to have Best Buy Company, Inc. ("Best Buy Company") and/or Best Buy Stores, LP ("Best Buy Stores") "transfer" and then "recover" his personal, family, and business information and data.  According to Plaintiff, in the course of providing the "data transfer" and "data recovery" services, Best Buy Company and/or Best Buy Stores inadvertently and negligently lost Plaintiff's Dell computer, information and data, and then failed timely to notify Plaintiff of such loss.  As a result, Plaintiff maintains he suffered great personal and business economic loss, and further was subjected to the risk that the security of his data and information would be compromised.

On or about July 31, 2013, Plaintiff filed a Petition in the Circuit Court for St. Louis County, Missouri ("Complaint"), asserting claims for, *inter alia*, breach of contract and violations of the Missouri Merchandising Practices Act against Best Buy Company.  Best Buy

Company removed the Complaint to this Court on September 4, 2013, on the basis of diversity jurisdiction. (ECF No. 1). It then moved to dismiss Plaintiff's Complaint, claiming the computer work at issue was performed by employees of its subsidiary, Best Buy Stores. (ECF No. 7).

In an Order entered November 4, 2013, the Court granted Best Buy Company's Motion to Dismiss, finding Plaintiff had shown no reason to hold it liable for Best Buy Stores' alleged actions under an agency theory, nor had he established cause to pierce the corporate veil between the two entities. (ECF No. 13). The Court granted Plaintiff leave to file an Amended Complaint, however, in order to set forth more clearly the alleged relationship between the two companies and the asserted basis for holding Best Buy Company liable for the damages alleged in his case, and/or to name an entity other than Best Buy Company as a Defendant if the circumstances so indicated.

Plaintiff filed his Amended Petition ("Amended Complaint") on November 25, 2013, naming as Defendants both Best Buy Company and Best Buy Stores. (ECF No. 14). As stated above, Best Buy Company filed the instant motion on December 9, 2013, asserting it must be dismissed as Plaintiff failed to set forth clearly the alleged relationship between the two companies, and the asserted basis for holding Best Buy Company liable for the damages alleged in his case. (ECF No. 15).

Upon review of his submission, the Court agrees that Plaintiff failed to rectify the allegations in his Amended Complaint, as directed by the Court in its November 4, 2013, Order. The Court therefore will grant Defendant Best Buy Company's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Best Buy Company, Inc.'s Motion to Dismiss (ECF

- 3 -

No. 15) is **GRANTED**, and Best Buy Company is **DISMISSED** as a Defendant in this matter.


Dated this 2nd Day of April, 2014.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE