UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1742 JCH |
| | ) | |
| BEST BUY STORES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Best Buy Stores, LP's Motion to Dismiss Count IV (sic)[1]—"Punitive Damages, Willful and Wanton" of the Amended Complaint, filed April 16, 2014. (ECF No. 44). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Eric McNeil alleges that in order to facilitate his switch from a Dell computer to an Apple computer, he contracted to have Best Buy Stores, LP[2] ("Defendant") "transfer" and then "recover" his personal, family, and business information and data. According to Plaintiff, in the course of providing the "data transfer" and "data recovery" services, Defendant inadvertently and negligently lost Plaintiff's Dell computer, information and data, and then failed timely to notify Plaintiff of such loss. As a result, Plaintiff maintains he suffered great personal and business economic loss, and further was subjected to the risk that the security of his data and information would be compromised.

---

[1] Plaintiff's punitive damages count should have been labeled Count VI, and the Court will refer to it as such in this Order.
[2] Plaintiff originally named Best Buy Company, Inc., as a Defendant to this action. In an Order entered April 2, 2014, however, the Court dismissed Best Buy Company, Inc. (ECF No. 41).

Plaintiff filed his Amended Petition ("Amended Complaint") in this matter on November 25, 2013, asserting claims for breach of contract (Count I), invasion of privacy/disclosure of private facts (Count III), and violations of the Missouri Merchandising Practices Act ("MMPA") (Counts II, IV and V). Plaintiff also included a Count entitled "Punitive Damages, Willful and Wanton" (Count VI).

In an Order entered April 2, 2014, the Court dismissed Plaintiff's claims under the MMPA, as the transaction at issue did not involve merchandise purchased primarily for personal, family or household purposes. (ECF No. 40, PP. 5-6). The Court further dismissed Plaintiff's invasion of privacy/disclosure of private facts claim, as Plaintiff neither identified any personal facts that were publicized, nor alleged when they were publicized or to whom. (Id., PP. 6-8).[3]

As stated above, Defendant filed the instant motion on April 16, 2014, asserting Plaintiff's punitive damages count must be dismissed, as such damages are not available in breach of contract actions. (ECF No. 44).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its

---

[3] To the extent Plaintiff intended to assert a claim for a violation of the Missouri Data Breach Notification Law in his Amended Complaint, the Court dismissed that claim as well. (ECF No. 40, P. 8).

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

As stated above, Defendant filed the instant motion on April 16, 2014, asserting Plaintiff's punitive damages count must be dismissed, as such damages are not available in breach of contract actions. (ECF No. 44). In response, Plaintiff asserts Defendant is precluded from bringing the instant motion by the provisions of Federal Rule of Civil Procedure 12. Plaintiff is correct that at times, Rule 12 prohibits the filing of a second motion under the rule, when it "rais[es] a defense or objection that was available to the party but omitted from its earlier motion." (*See* Fed.R.Civ.P. 12(g)(2)). The Court agrees with Defendant, however, that the instant defense was not available at the time Defendant filed its initial motion to dismiss. In other words, because Plaintiff originally asserted claims other than for breach of contract, including a claim for the intentional tort of invasion of privacy, Defendant could not argue for dismissal of the punitive damages count as unavailable in breach of contract cases at the time it filed its initial motion to dismiss. The Court therefore will entertain this successive motion under Rule 12(b).[4]

"Under Missouri law, '[t]he general rule is that punitive damages may not be recovered

---

[4] In any event, the Court agrees with Defendant that pursuant to Rule 12(h)(2)(B), the instant motion is permissible as a Motion for Judgment on the Pleadings under Rule 12(c).

in breach of contract actions.'" *American Equity Mortg., Inc. v. First Option Mortg., LLC*, 2009 WL 5220158, at *4 (E.D. Mo. Dec. 31, 2009) (quoting *Peterson v. Cont'l Boiler Works, Inc.*, 783 S.W.2d 896, 902 (Mo. 1990)).

> From this general rule, the courts have carved two exceptions. The first is found where the breaching party's conduct, apart from an intentional breach of the contract, amounts to a separate, independent tort. The second exception permitting recovery of punitive damages is found where the breach of contract is coupled with violations of a fiduciary duty.

*Peterson*, 783 S.W.2d at 902-903.

In the instant case, Plaintiff relies on the first exception, asserting Defendant's alleged conduct amounted to a separate, independent tort. Upon review, however, the Court finds Plaintiff pleaded only that Defendant's actions in violating the contract were willful, wanton, and reckless; he did not "allege or prove the necessary independent and willful tort." *Stamps v. Southwestern Bell Telephone*, 667 S.W.2d 12, 14 (Mo. App. 1984). Punitive damages thus are not recoverable, and Defendant's Motion to Dismiss Count VI of Plaintiff's Amended Complaint must be granted. *See Peterson*, 783 S.W.2d at 903 (citations omitted) (holding that "punitive damages are not available where the basis of the complaint is breach of contract, even where the breach is intentional, willful, wanton or malicious"). *See also Comerio v. Beatrice Foods Co.*, 595 F.Supp. 918, 922 (E.D. Mo. 1984) ("In the case at bar, there is no independent source for the alleged duty and plaintiff alleges only a breach of the contract. Accordingly, plaintiff's claim for punitive damages is dismissed.").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Best Buy Stores, LP's Motion to Dismiss Count VI (ECF No. 44) is **GRANTED**.

Dated this  30th  Day of May, 2014.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE